UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANALYTICA BIO-ENERGY CORP., et al.<br><br>Defendants. | No. 18-cv-472 (JDB) |

### ORDER AS TO DEFENDANT DOUGLAS G. MURDOCK

Upon consideration of [14] the Securities and Exchange Commission's (the "SEC") Motion for Final Judgment by Default Against Defendant Douglas G. Murdock, and the entire record herein, and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the SEC's motion is **GRANTED** as to defendant Murdock; it is further

**ORDERED** that Defendant is liable for disgorgement of $340,369.57, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $49,009.36, and a civil penalty in the amount of $160,000 pursuant to Section 20(d) of the Securities Act of 1933, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d)(3).  Defendant shall satisfy this obligation by paying $549,378.93 within 60 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may

also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Douglas Murdock as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 60 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending its determination whether to seek a distribution of the Fund.

The SEC may propose a plan to distribute the Fund, subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all

purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.  It is further

      **ORDERED** that the terms, conditions, relief, and remedies set forth in the Judgment as to Defendant Douglas G. Murdock [ECF No. 8] shall remain in full force and effect; it is further

      **ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment; and it is further

      **ORDERED**, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that the Clerk enter this Final Judgment forthwith.

**SO ORDERED.**

/s/

JOHN D. BATES  
United States District Judge

Dated: July 13, 2018